**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000373**
**16-SEP-2024**
**07:45 AM**
**Dkt. 67 MO**

NO. CAAP-20-0000373

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF APARTMENT OWNERS OF REGENCY PARK,
by its Board of Directors, Plaintiff/Counterclaim
Defendant-Appellee,
v.
JANE MARIE HARDER, Individually and as Trustee
of the J.M.H. TRUST AGREEMENT dated February 20, 1990,
as amended, Defendant/Counterclaimant-Appellant,
and JIM BALDWIN BOCK, JR., Defendant-Appellant,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE ASSOCIATIONS 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20 AND DOE GOVERNMENTAL UNITS 1-20,
Defendants

and

JANE MARIE HARDER, Individually and as Trustee
of the J.M.H. TRUST AGREEMENT dated February 20, 1990,
as amended, Third-Party Plaintiff-Appellant,
v.
DEBRA R. GODWIN; JOSEPH J. LICHWA; IRIS M. IWAMI;
PATRICIA O. NAKAMA; HAWAIIANA MANAGEMENT CO., LTD.,
a Hawaii corporation, Third-Party Defendants-Appellees,
and DOE THIRD-PARTY DEFENDANTS 1-50, Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161001147)

**MEMORANDUM OPINION**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Jane Marie **Harder**, individually and as Trustee of the
J.M.H. **Trust** Agreement Dated February 20, 1990, as amended, and

Jim Baldwin **Bock**, Jr. appeal from the **Final Judgment** for the Association of Apartment Owners of Regency Park (**AOAO**); Debra R. Godwin, Joseph J. Lichwa, Iris M. Iwami, and Patricia O. Nakama (collectively, the **Board**); and **Hawaiiana** Management, Co., Ltd., entered by the Circuit Court of the First Circuit on April 24, 2020.[1]  We vacate the Final Judgment in part and some of the circuit court's interlocutory rulings, and remand for further proceedings.

## I.  BACKGROUND

The AOAO sued Harder and Bock on June 15, 2016. According to the complaint, the AOAO wanted to put audible fire alarms into the Regency Park condominium's residential units to comply with fire and building codes.  The Trust owns unit 626. Harder and Bock own unit 702.  They refused to have alarms installed in their units.  The AOAO sought an injunction requiring that Harder and Bock allow installation of alarms in their units, and requested attorneys fees and costs under Hawaii Revised Statutes (**HRS**) § 514B-157(b).

Harder and Bock moved to dismiss the complaint.  The circuit court denied the motion.[2]  Harder and Bock answered the complaint.  Harder counterclaimed against the AOAO and filed a third-party complaint against the Board and Hawaiiana.

The AOAO moved for summary judgment on June 15, 2017 (**MSJ**).  The circuit court entered an order on November 28, 2017, granting the MSJ in part.  The order allowed the AOAO "to install audible notification devices in the hallway and bedrooms of Unit 702" because Harder didn't live there.  The order also allowed the AOAO "to install an audible notification device in" unit 626 (in which Harder lived), but did not state how many devices could be installed or where they could be located.  The AOAO's other requests were denied.

---

[1]     The Honorable Lisa W. Cataldo presided.

[2]     The Honorable Virginia Lea Crandall presided.

The circuit court later granted motions for partial summary judgment filed by the AOAO, the Board, and Hawaiiana, denied motions for reconsideration and summary judgment filed by Harder and Bock,[3] and awarded attorneys fees to the AOAO, the Board, and Hawaiiana.[4]  Harder and Bock appealed after the Final Judgment was entered.

## II. **POINTS OF ERROR**

Harder and Bock's points of error (which we consolidate and reorder for clarity) contend the circuit court erred by: **(1)** denying their motion to dismiss; **(2)** granting two of the AOAO's motions for summary judgment; **(3)** denying their motions for reconsideration and summary judgment; **(4)** granting summary judgment for the AOAO on the counterclaim and for the Board and Hawaiiana on the third-party complaint; and **(5)** awarding attorneys fees to the AOAO, the Board, and Hawaiiana.

## III. **STANDARDS OF REVIEW**

We review rulings on motions to dismiss de novo.  Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 256, 428 P.3d 761, 768 (2018).  We assume the facts alleged in the complaint are true and view them in the light most favorable to the plaintiff to see if they warrant relief under any legal theory.  Id. at 256-57, 428 P.3d at 768-69.  We are not required to accept conclusions about the legal effect of the facts alleged.  Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013).  But we bear in mind that Hawaiʻi is a notice-pleading jurisdiction where legal theories need not be pleaded with precision.  Reyes-Toledo, 143 Hawaiʻi at 259, 428 P.3d at 771.

We review a grant of summary judgment de novo.  Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338,

---

[3]    The Honorable James C. McWhinnie presided over these proceedings.

[4]    The Honorable Lisa W. Cataldo presided over the attorney fee proceedings.

418 P.3d 1187, 1194 (2018).  The moving party has the burden to establish the material facts, show there is no genuine issue as to any of them, and explain why it is entitled to a judgment as a matter of law.  Id. at 342, 418 P.3d at 1198.  A fact is material if it would establish or refute an element of a cause of action or defense.  Id.  We view the evidence in the light most favorable to the non-moving party.  Id.

## IV.  DISCUSSION

### A.   Motion to dismiss.

Harder and Bock argued that the AOAO's complaint didn't allege "the AOAO's actions were in compliance with its mandated procedures and/or legally supported under the Governing Documents."  The complaint alleged: the AOAO existed under HRS Chapter 514B; Harder and Bock owned units in Regency Park and were bound by HRS Chapter 514B and the Regency Park's **Governing Documents**; the **Fire Code** required every apartment in Regency Park "to have appropriate audible and visible alarms"; the AOAO's expert opined that the alarms should be in the bedrooms; the AOAO adopted the expert's design; HRS Chapter 514B and the Governing Documents required Harder and Bock to cooperate with the AOAO; but Harder and Bock refused to let the AOAO install alarms in their units.  The complaint alleged facts which, if proven, would entitle the AOAO to injunctive relief, attorneys fees, and court costs.

The circuit court did not err by denying Harder and Bock's motion to dismiss.  The December 6, 2016 "Order Denying Defendant's Motion to Dismiss Complaint Filed on June 15, 2016, Filed October 11, 2016" is affirmed.

### B.   The AOAO's motion for summary judgment and motion for partial summary judgment.

### 1.   Motion for summary judgment.

The AOAO's June 15, 2017 MSJ argued that the AOAO was required by law "to have appropriate audible and visible alarms

within" each condominium unit.  The visibility issue was not
litigated below.  The law required that the alarm produce a sound
in the bedroom at least 15 decibels louder than the normal sound
level.

The AOAO hired an engineering firm to design a fire
alarm system upgrade and decide where the alarms should be placed
to achieve the required sound level in the units' bedrooms.  The
resulting design called for alarms "in all apartments at the
Project, including in the living room and bedrooms of [Harder and
Bock's unit] and the hallway and bedrooms of [the Trust's unit]."
The Board adopted that design.  Harder and Bock refused to let
alarms be installed in their units.[5]

The AOAO offered its Governing Documents and cited to
HRS Chapter 514B to establish its authority "to exercise any
powers necessary and proper for the governance and operation of
the association."  In opposition, Harder and Bock argued the
alarms were not absolutely required to be inside the units.
Their argument has support in the record.  The AOAO was told by
the Honolulu Fire Department (**HFD**) in September 2014:

> The Hawaii State Fire Code specifies in 13.7.1.4.9.8 as
> amended states:
>
> "Alarm signaling devices shall produce a sound that exceeds
> the prevailing equivalent sound level in the room or space
> by 15 decibels minimum, or exceeds any maximum sound level
> with a duration of 60 seconds minimum by 5 decibels minimum,
> whichever is louder.  Sound levels for alarm signals shall
> be 120 decibels maximum."
>
> Hawaii State Fire Code section 13.7.1.4.9.8 is what **may**
> require audible devices inside of the association's units.
> **The Honolulu Fire Department does not arbitrarily require
> that alarm notification appliances be installed inside a
> unit**; the requirements come directly from the above
> amendment.  It is the responsibility of the engineer
> designing the fire alarm system to ensure that the
> audibility regulations are met by using calculations
> according to [National Fire Alarm and Signaling Code]
> NFPA 72 and that alarm notification appliances produce sound
> described in Hawaii State Fire Code section 13.7.1.4.9.8

_____

[5]     Harder claimed to have a medical condition that would be affected
by having a fire alarm in her bedroom.  She asked for an accommodation under
the Americans with Disabilities Act.  The reason for Harder's and Bock's
position, or whether Harder was entitled to an ADA accommodation, are not
material to our disposition of this appeal.

> that can be accurately measured using meters.  Once the system is installed, the Honolulu Fire Department will confirm audibility in an acceptance test by using decibel meters to ensure that adequate audibility is provided ***in all parts of the building, including inside of units***.

(Emphasis added.)

One year later, HFD wrote to the AOAO's engineer about its fire alarm final acceptance test.  Fire alarms had not been installed in three units.[6]  HFD could not obtain access to those units, so it tested the alarm system in units with identical floor plans after disabling the in-unit alarm notification devices.  The alarm could be heard in those units, but the decibel level was below code requirements.  Viewed in the light most favorable to the Trust, Harder, and Bock, this shows that HFD would have accepted external alarms that could generate the required sound level in a unit without exceeding the 120-decibel limit.  The AOAO did not show that no such external alarms existed, or that it was impracticable to install them at the Regency Park.

The AOAO argued that its Bylaws require Harder and Bock to "observe and perform all laws, ordinances, rules and regulations now or hereafter made by any governmental authority or the [AOAO] for the time being applicable to the use of the Project."  It also argues that HRS Chapter 514B requires that the Trust, Harder, and Bock comply with the AOAO's Governing Documents affecting their use or occupancy of, or behavior in, their units.  But this case is not about use, occupancy, or behavior by the Trust, Harder, or Bock; it is about whether the AOAO can dictate that fire alarms be installed inside an owner's unit against the owner's wishes when there seem to be alternative ways to comply with the Fire Code.  The AOAO did not meet its burden to show it was legally required to install fire alarms *inside* the units owned by the Trust, Harder, and Bock, or that

---

[6]      Two units belonged to the Trust and Harder and Bock.  The record does not show who owned the third unit, or whether the AOAO filed a separate action concerning that unit.

there was no practicable alternative to the design adopted by the Board.

The circuit court erred by granting (in part) the AOAO's MSJ.  The November 28, 2017 "Order Granting in Part, and Denying in Part, Plaintiff Association of Apartment Owners of Regency Park's Motion for Summary Judgment Against Defendants Jane Marie Harder, Individually and as Trustee of the J.M.H. Trust Agreement Dated February 20, 1990, as Amended and Jim Baldwin Bock, Jr." is vacated to the extent it granted the AOAO's MSJ.

### 2.    Motion for partial summary judgment.

The AOAO's April 15, 2019 motion for partial summary judgment (**MPSJ**) was a follow-up to the order granting in part its MSJ, which allowed installation of an alarm in Unit 626 but didn't specify how many devices could be installed or where they were to be located.  The MPSJ asked the circuit court to order that Harder and Bock let an alarm be installed in the living room and each of the three bedrooms of Unit 626, and to award attorneys fees and costs.

The AOAO submitted a declaration from Shun Hing Victor **Chan**, the engineer who designed the fire alarm system upgrade adopted by the Board.  Chan stated "there must be four audible fire alarm appliances installed as designed by me, with one placed in the [sic] each of the three bedrooms and another placed in the living room" "for Unit 626 to be compliant with the various codes and regulations[.]"  He also stated, "If a total of four audible fire alarm appliances are not placed within the living room and within the bedrooms as designed, and in the location as designed, there will not be compliance with" the law. But he did not state that his design was the *only* way to achieve compliance, or that it would be impracticable to achieve compliance without placing the alarms inside Unit 626.  He did not state there were no external alarms that could generate the required sound level in Unit 626 without exceeding the 120-

decibel limit, or that it was impracticable to install external alarms at the Regency Park.  None of the AOAO's other declarations or exhibits showed that the AOAO was legally required to install alarms inside Unit 626, or that there was no practicable alternative to Chan's design.

The AOAO, the Board, and Hawaiiana argue that Harder and Bock offered no evidence to show "alternative locations for the placement of the fire alarm devices in Unit No. 626[.]"  But that was not their burden.  Even if a motion for summary judgment is unopposed, it should not be granted unless the movant shows there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 328 n.12, 489 P.3d 419, 432 n.12 (2021); Arakaki v. SCD-Olanani Corp., 110 Hawaiʻi 1, 6, 129 P.3d 504, 509 (2006) ("[A] party need not affirmatively oppose a motion for summary judgment that fails to show prima facie (1) that the undisputed facts foreclose genuine issue(s) as to any material fact(s) and (2) that the moving party is entitled to judgment as a matter of law." (cleaned up)).  The AOAO did not satisfy its burden as the summary judgment movant, for the reasons stated in section B.1. of this memorandum opinion.

The circuit court erred by granting the AOAO's MPSJ. The September 16, 2019 "Order Granting Plaintiff Association of Apartment Owners of Regency Park's Motion for Partial Summary Judgment Against Defendants Jane Marie Harder, Individually and as Trustee of the J.M.H. Trust Agreement Dated February 20, 1990, as Amended and Jim Baldwin Bock, Jr. Filed on April 15, 2019" is vacated.

### 3.    Combined motions for reconsideration and summary judgment.

Harder and Bock's appeal from the circuit court's denial of their motions to reconsider the orders granting the AOAO's MSJ and MPSJ are moot because we are vacating the orders granting in part the MSJ and granting the MPSJ.  However, their

motions also requested summary judgment based on the AOAO not taking votes to approve altering the Regency Park structures and installing or charging fees for new common or limited common elements.

Harder and Bock argued that under the Governing Documents, the AOAO could not make "additions or structural alterations to or exterior changes of any common elements and limited common elements of the Project" without approval of a majority of owners, "including all owners of apartments thereby directly affected[.]"  They argued that a "structural alteration or addition to any structure" required an amendment of the Declaration approved by 75 percent of the unit owners.  The argued that "structure" includes the "walls, floors, ceilings, doors, and windows" of a condominium unit.  They did not meet their burden as summary judgment movants because they did not attach, incorporate, or refer to the plans for the fire system upgrade or any other evidence showing what changes, if any, were to be made to the "structure."

Harder and Bock also argued that under the Governing Documents and various provisions of HRS Chapter 514B, the fire alarm speakers, wires, and conduits were common or limited common elements, so that 67 percent of the unit owners had to approve the fire system upgrade design adopted by the Board.  They again did not meet their burden as summary judgment movants because they did not attach, incorporate, or refer to the plans for the upgrade or any other evidence showing what speakers, wires, or conduits, if any, were to be installed, and whether they would be common or limited common elements.

The circuit court did not err by denying Harder and Bock's motions for summary judgment on the "structure" and "common or limited common element" issues.  The September 16, 2019 "Order Denying Defendants' Motion for Reconsideration and Summary Judgment Regarding the Issue of Limited Common Elements, Filed on May 3, 2019" and "Order Denying Defendants' Motion for Reconsideration and Summary Judgment as to the Issue of

"Structure", Filed on May 3, 2019" are affirmed to the extent summary judgment for Harder and Bock was denied.

   **4. Motions for partial summary judgment on the counterclaim and the third-party complaint.**

   On May 10, 2019, the AOAO and the Board and Hawaiiana each filed two motions for partial summary judgment — the AOAO on the counterclaim, and the Board and Hawaiiana on the third-party complaint.  The circuit court granted each motion.

   **(a)** Count 1 of Harder's counterclaim alleged abuse of process.  The word *process* in the tort of abuse of process is "interpreted broadly to encompass the *entire range of procedures incident to litigation*."  Young v. Allstate Ins. Co., 119 Hawai'i 403, 412, 198 P.3d 666, 675 (2008) (cleaned up).  The AOAO argued that Harder cannot establish the second element of abuse of process: "a wilful act in the use of the process which is not proper in the regular conduct of the proceeding."  Id.  Harder argued that the improper willful act was "*the use of the process* to silence [her] questions and requests for accommodation regarding the installation of the Speakers."  (Emphasis added.)  But "in order to establish an abuse of process claim, the plaintiff must prove a 'willful act' *distinct from the use of process per se*."  Id. at 416, 198 P.3d at 679 (italics added).  Harder did not submit evidence tending to show a willful act by the AOAO distinct from the entire range of procedures incident to litigation.  The circuit court did not err by granting summary judgment for the AOAO on Harder's abuse of process counterclaim.

   Count 2 alleged violation of the federal Fair Housing Act and the Hawai'i Discrimination in Real Property Act.  The AOAO argued that (1) Harder's requested accommodation — that no alarms be installed in her units — was unreasonable as a matter of law because the circuit court granted the AOAO's MSJ and MPSJ; and (2) the AOAO did not engage in retaliatory discrimination or interference, and even if Harder could show prima facie retaliation, the AOAO "had a legitimate non-discriminatory reason

for its actions" because it "had a good faith and honest belief that the fire alarm system was in the best interests of the AOAO as it would serve to protect the Project and residents."  Harder argued that (1) the AOAO's MSJ and MPSJ were granted in error; and (2) the AOAO's evidence showing "vexing communications" and Harder's declaration created genuine issues of material fact about whether she suffered coercion, intimidation, threats, or interference because she engaged in protected activity.  We ruled above that the circuit court erred by granting the AOAO's MSJ and MPSJ.  In this light, the evidence before the circuit court on the motion showed genuine issues of material fact about whether the AOAO coerced, intimidated, threatened, or interfered with Harder because she engaged in protected activity.  The circuit court erred by granting the AOAO's motion on count 2 of the counterclaim.

Counts 3 and 4 alleged violation of HRS Chapter 514B and declaratory and injunctive relief.  The AOAO relied on the orders granting its MSJ and MPSJ to argue that the law of the case was it did not violate HRS Chapter 514B, and Harder was not entitled to declaratory or injunctive relief, because it was authorized to install the alarms in Harder's units.  We ruled above that the circuit court erred by granting the AOAO's MSJ and MPSJ.  Accordingly, the circuit court erred by granting summary judgment for the AOAO on Harder's counterclaim for violation of HRS Chapter 514B and declaratory and injunctive relief.

Count 5 alleged breach of fiduciary duty.  Under HRS § 514B-106(a) the board of a condominium owners association owes a fiduciary duty to the association.  Harder cited no authority for the proposition that an association owes a fiduciary duty to a member.  We find none.  See Ass'n of Apartment Owners of 2987 Kalakaua ex rel. Bd. of Dirs. v. Dubois, No. 27416, 2008 WL 3199461 (Haw. App. Aug. 7, 2008) (SDO) (recognizing lack of authority "that the Association itself, as opposed to individual directors of the board, can be held responsible for a breach of fiduciary duty").  The circuit court did not err by granting

11

summary judgment for the AOAO as a matter of law on Harder's breach of fiduciary duty counterclaim.

The October 2, 2019 "Order Granting Counterclaim Defendant Association of Apartment Owners of Regency Park's Motion for Partial Summary Judgment on Counts I, III, IV, and V of Counterclaim by Counterclaim Plaintiff Jane Marie Harder, Individually and as Trustee of the J.M.H. Trust Agreement Dated February 20, 1990, Filed on December 23, 2016; Filed May 10, 2019" is affirmed as to Counts I (abuse of process) and V (breach of fiduciary duty), but vacated as to Counts III (violation of HRS Chapter 514B) and IV (declaratory and injunctive relief). The October 2, 2019 "Order Granting Counterclaim Defendant Association of Apartment Owners of Regency Park's Motion for Partial Summary Judgment on Count II (Violations of Fair Housing Law) of Counterclaim by Counterclaim Plaintiff Jane Marie Harder, Individually and as Trustee of the J.M.H. Trust Agreement Dated February 20, 1990, Filed on December 23, 2016, Filed May 10, 2019" is vacated.

**(b)** Harder's third-party complaint alleged civil conspiracy, negligence and/or gross negligence, breach of fiduciary duty, intentional and/or negligent infliction of mental or emotional distress, and intentional and/or negligent misrepresentation.  Her opening brief argues that the circuit court's erroneous granting of the MSJ and MPSJ "created a chain reaction of erroneous decisions against H[arder] resulting in the resolution of the case entirely against H[arder]."  But it does not explain why, factually or legally, we should vacate the orders granting summary judgment for the Board and Hawaiiana.  It doesn't argue that the Board and Hawaiiana didn't satisfy their burden as summary judgment movants, or that Harder's evidence created a genuine issue of material fact, or that the circuit court erred in applying the applicable law.  Her point of error is waived.  Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

**5.    Attorneys fees and costs.**

We vacate the March 25, 2020 "Order Approving Plaintiff's Attorneys' Fees and Costs, Filed on October 7, 2019" because the AOAO is no longer the prevailing party under HRS § 514B-157 (2018).

We vacate the February 24, 2020 "Order Granting 'Counterclaim Defendant and Third-Party Defendants' Motion for Correction or Amendment of Minute Order Dated December 26, 2019, Granting Counterclaim Defendant and Third-Party Defendants' Motion for Attorney's Fees and Costs Filed on October 7, 2019,' Filed on January 3, 2020" because the fees and costs were not apportioned between the non-prevailing counterclaim defendant AOAO and the prevailing third-party defendants Board and Hawaiiana, without prejudice to the Board and Hawaiiana moving for attorneys fees and costs on remand.  We express no opinion about whether the Board or Hawaiiana are entitled to recover attorneys fees.

Harder and Bock present no discernible legal argument on their other points of error, which we deem waived.  HRAP Rule 28(b)(7).

## V. DISPOSITION

The April 24, 2020 "Final Judgment" is vacated, the circuit court's interlocutory orders are affirmed and vacated as stated above, and this case is remanded for further proceedings consistent with this memorandum opinion.

DATED: Honolulu, Hawaiʻi, September 16, 2024.

On the briefs:

David R. Squeri,
Sol V. Yi,
for JANE MARIE HARDER,
Individually and as Trustee
of the J.M.H. TRUST AGREEMENT
dated February 20, 1990, as
amended, Defendant/Counter-
claimant/Third-Party
Plaintiff-Appellant

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

and JIM BALDWIN BOCK, JR.,
Defendant-Appellant.

John A. Morris,
Dan C. Oyasato,
for ASSOCIATION OF APARTMENT
OWNERS OF REGENCY PARK,
Plantiff-Appellee.

Matt A. Tsukazaki,
Tyler A. Tsukazaki,
for ASSOCIATION OF APARTMENT
OWNERS OF REGENCY PARK,
Counterclaim Defendant-Appellee,
and DEBRA R. GODWIN; JOSEPH J.
LICHWA; IRIS M. IWAMI; PATRICIA
O. NAKAMA; and HAWAIIANA MANAGEMENT
CO., LTD., Third-Party
Defendants-Appellees.